Filed 3/11/15  P. v. Robinson CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ZALMON DARNELL ROBINSON,<br><br>     Defendant and Appellant. | B257840<br><br>(Los Angeles County<br>Super. Ct. No. TA131901) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Paul A. Bacigalupo, Judge.  Affirmed as modified.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Zalmon Darnell Robinson appeals from a judgment following his conviction for robbery and attempted robbery. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We correct errors in the abstract of judgment and affirm.[1]

## PROCEDURAL HISTORY

An amended information charged appellant with one count of attempted second degree robbery (Pen. Code, §§ 211, 664; count 1) and one count of second degree robbery (Pen. Code, § 211; count 2). It alleged appellant had suffered two prior convictions that qualified as "strikes" (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and as serious felony priors (§ 667, subd. (a)(1)). It also alleged appellant had served three prior prison terms. (§ 667.5, subd. (b).)

Before trial, the court heard and denied appellant's motion to relieve his counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. At the request of the defense, the court instructed the jury on the lesser included offenses of attempted petty theft and grand theft. During deliberations, the juror foreperson reported that there was yelling in the jury room; Juror No. 2 slept during trial; and Juror No. 2 stated he believed appellant was not properly represented because he did not testify. When questioned by the court, Juror No. 2 felt strongly about appellant not testifying despite a jury instruction stating appellant had a right not to testify; he admitted looking at a law book the previous evening to research the elements of the charged offense; and he told the court he was a former law student. Over defense counsel's objection, the court excused the juror.

---

[1] We received and filed a request from appellant for a reporter's transcript of a hearing reflected in a May 29, 2014 minute order. The minute order indicates appellant rejected the prosecution's plea offer and the matter was transferred to another department for trial. Appellant has not identified what issues might be presented in the transcript of that hearing and we cannot conceive of any. His request is denied.

The jury found appellant guilty on both counts. The trial court later found the prior allegations true. At sentencing, defense counsel moved to strike one of appellant's prior convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and requested the court impose a two-strike sentence of 23 years. The court noted appellant was physically abused as a child and suffered from untreated mental illness, but it denied the *Romero* motion in light of appellant's lengthy criminal history, his parole status at the time of the current crimes, and his willingness to rob a victim in a wheelchair, showing he was a danger to society. The court sentenced him to 35 years to life, consisting of 25 years to life on count 2, plus a consecutive 10 years for the two prior serious felonies. The court imposed a concurrent 25 years to life sentence on count 1, plus a concurrent 10 years for the two prior serious felonies. The court also imposed but stayed the three 1-year enhancements for the prior prison terms under section 667.5, subdivision (b). The court awarded 206 days of presentence credit and assessed a $300 restitution fine; a $300 parole revocation fine, stayed; an $80 court security fee; and a $60 criminal conviction assessment. Appellant timely appealed.

## STATEMENT OF FACTS

On January 31, 2014, at 10:30 a.m., Cesar Hernandez was cleaning his garage when appellant entered with his hands in his sweater like he was holding a gun. Appellant said he was going to take whatever he wanted, and Hernandez told him to go ahead. Appellant grabbed a bag of tools and walked out of the garage. He then reentered the garage and took Hernandez's cell phone and Bluetooth headset. Appellant did not threaten or touch Hernandez, although Hernandez found appellant's behavior abnormal.

After appellant left the garage the second time, Hernandez called 911. While on the phone with the 911 operator, Hernandez got into his car and followed appellant. Two Los Angeles County Sheriff's Department deputies responded to the call, looking for a suspect described as a Black male wearing a gray sweater and black pants.

Lawrence Thomas, who was confined to a wheelchair, was in the parking lot of the Alatorre Market when appellant approached and put his hand in Thomas's pocket. Thomas clamped appellant's arm so he could not pull anything out. Appellant responded

3

by raising his hand and threatening to strike Thomas. Thomas released appellant's arm and appellant left the area. Thomas noticed appellant's eyes were red and "tight." Thomas was able to flag down a police officer, who found Hernandez's Bluetooth headset and charger near a trash can in the store's parking lot, which was three or four blocks from Hernandez's garage. In the meantime, appellant was arrested a block from the store, matching the description given to officers.

Thomas and Hernandez identified appellant in the parking lot. Officers recovered Hernandez's cell phone and they returned it and his Bluetooth device to him. They found only one of Hernandez's socket tools, and 15 to 17 of them remained missing.

**DISCUSSION**

We appointed counsel to represent appellant on this appeal. After reviewing the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. On November 26, 2014, we advised appellant he had 30 days to submit any contentions or issues he wished us to consider. On December 26, 2014, appellant filed a request to relieve his current counsel, which this court denied. At no time has appellant filed a supplemental brief or requested additional time to do so.

We have examined the entire record. We are satisfied no arguable issues exist and appellant's counsel has fully satisfied his responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; see *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The abstract of judgment contains errors that must be corrected, however. The record actually contains two abstracts of judgment, one on the form designated for an indeterminate sentence and a second designated for a determinate sentence. The indeterminate form correctly reflects appellant was sentenced to 25 years to life on count 2, but it listed only one 5-year prior serious felony enhancement and one stayed one-year prior prison term enhancement. The determinate form incorrectly reflects appellant was sentenced to a stayed term of six years on count 1, plus one 5-year prior serious felony enhancement plus one stayed one-year prior prison term enhancement. As outlined

4

above, appellant's correct sentence is 35 years to life consisting of 25 years to life for count 2, plus 10 years for the two prior serious felonies, and a concurrent term of 25 years to life for count 1, plus a concurrent 10 years for the two prior serious felonies.

Further, the trial court was not permitted to impose a five-year enhancement under section 667, subdivision (a)(1) for a prior serious felony conviction and a one-year enhancement under section 667.5, subdivision (b) for the prison term served for that same conviction. (*People v. Jones* (1993) 5 Cal.4th 1142, 1152-1153.) Although at sentencing the trial court did not specify which prior convictions supported the enhancements, in the amended information one of the prior convictions was alleged to support both a prior serious felony enhancement and a prison term enhancement. For that reason, we must strike one of the one-year enhancements under section 667.5, subdivision (b). For the remaining two 1-year prior prison term enhancements, the trial court was not permitted to impose and stay those terms; it was required to either impose them or strike them. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) By staying those terms the trial court expressed a clear intent not to add them to appellant's sentence, so we will strike them in lieu of remanding for further proceedings. (§ 1260; *People v. Jefferson* (2007) 154 Cal.App.4th 1381, 1388.)

## DISPOSITION

The abstract of judgment must be corrected to reflect a sentence on count 2 of 25 years to life, plus 10 years for the two prior serious felonies, and a concurrent sentence on count 1 of 25 years to life, plus a concurrent 10 years for the two prior serious felonies. The three 1-year prior prison term enhancements under section 667.5, subdivision (b) are stricken. The trial court is directed to forward a corrected abstract of judgment to the Department of Corrections and Rehabilitation.

As modified, the judgment is affirmed.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.

GRIMES, J.